IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ALEX KELLUM, | 8:21CV36 |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| NEBRASKA HUMANE SOCIETY, | |
| Defendant. | |

Plaintiff, a federal prisoner, filed his pro se Complaint (Filing 1) on February 1, 2021, and has been granted leave to proceed in forma pauperis ("IFP"). The court determined on its initial review that Plaintiff's Complaint is subject to preservice dismissal for failure to state a claim upon which relief may be granted, but on its own motion gave Plaintiff leave to amend and advised Plaintiff that an amended complaint would supersede, not supplement, his prior pleadings. See Memorandum and Order entered on April 5, 2021 (Filing 10). An Amended Complaint was timely filed by Plaintiff on April 19, 2021 (Filing 11). The court will now conduct an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff claims his Fourth Amendment rights were violated by the Nebraska Humane Society when dogs were seized from his residence without a valid search warrant. As factual support for this claim, Plaintiff alleges:

> On or about February 22, 2018, the Nebraska Humane Society came to Petitioner's residence and asked to see his dogs in response to a complaint of dog fighting. Plaintiff refused and requested them to leave. Then after indicating that there was a warrant on the way, county officers placed Petitioner into a cop car. The Nebraska Humane Society then entered the residence and seized the plaintiff's animals. After

> being released, he requested that he be given his animals back. The Nebraska Humane Society told Petitioner that the dogs were put down because they were too mean. The Nebraska Humane Society then told Petitioner that there were two small puppies that were up for adoption and that if he signed the waiver then his family could come and adopt these puppies. Subsequently, Petitioner's dogs were never returned nor were the puppies ever given to his family.

(Filing 11, pp. 1-2.) Plaintiff also alleges in the "argument" section of the Amended Complaint are that he "was placed in a cop car for approximately nine (9) hours,[1] prior to the officer having a legitimate search warrant" (Filing 11, p. 2); that "the Nebraska Humane Society relied on false statements from unknown persons about Plaintiff dog fighting" (Filing 11, p. 3); and that "[t]he Nebraska Humane Society was allowed to take Petitioner's animals without probable cause and was able to do this with the assistance of the officers involved" (Filing 11, p. 3). Plaintiff argues that "[e]ven though the Nebraska Humane Society is a private entity, … [u]nder the circumstances of this case and in light of the specific activities in which defendants engaged in, defendants are state actors." (Filing 11, p. 3.) Plaintiff seeks the return of his property and monetary damages from the Nebraska Humane Society.

### III. ANALYSIS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Only state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quoting *Youngblood v. Hy–Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001)). The Nebraska Human Society is

---

[1] This presumably is a misplaced comma. The court construes this allegation to mean that a search warrant was issued 9 hours after he was detained and the search was initiated.

3

alleged to be a private entity; it is not alleged to have any law enforcement authority or to receive any public funding. Consequently, Plaintiff "must establish not only that [the Nebraska Humane Society] caused a deprivation of constitutional rights, but that [it] willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Crawford v. Van Buren Cty.*, 678 F.3d 666, 67071 (8th Cir. 2012) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005)). In other words, Plaintiff must plead and prove the existence of a civil conspiracy between the Nebraska Humane Society and the "county officers." *See id*. at 671 (holding that Humane Society defendants' "mere presence during the search was not sufficient to prove a conspiracy existed."); *see also Christensen v. Quinn*, 45 F. Supp. 3d 1043, 1081-84 (D.S.D. 2014) (dismissing section 1983 claims against Humane Society defendants); *Nance v. Humane Soc'y of Pulaski Cty.*, No. 4:15-CV-00384-BRW, 2015 WL 6638836, at *3 (E.D. Ark. Sept. 29, 2015) (same), *aff'd*, 667 F. App'x 879 (8th Cir. 2016).

In order to state a claim for conspiracy under 42 U.S.C. § 1983, the "plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *Baude v. City of St. Louis*, 476 F. Supp. 3d 900, 915 (E.D. Mo. 2020) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). The first element "requires allegations of specific facts tending to show 'meeting of the minds' among the alleged conspirators." *Id.* (quoting *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). Moreover, "the plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 702 (8th Cir. 2020) (quoting *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)).

The allegations of Plaintiff's Complaint are not sufficient to state a plausible § 1983 conspiracy claim. Plaintiff merely alleges that "county officers" indicated a warrant was on its way before placing him in a cop car, and that they assisted the Nebraska Humane Society in its unlawful seizure of his dogs. No facts are alleged

4

from which it may reasonably be concluded that there was a "meeting of the minds" to violate Plaintiff's constitutional rights.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is therefore subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff has failed to correct the pleading deficiencies that were discussed by the court in its previous Memorandum and Order, further leave to amend will not be granted.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Judgment will be entered by separate document.

Dated this 1st day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge