IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEX KELLUM,<br><br>                Plaintiff,<br><br>vs.<br><br>NEBRASKA HUMANE SOCIETY,<br><br>                Defendant. | **8:21CV36**<br><br>**MEMORANDUM<br>AND ORDER** |

On August 15, 2022, Plaintiff filed a motion (Filing 25) in which he asks leave to file a second amended complaint and also requests that proceedings be stayed pending his release from incarceration. The motion will be denied in all respects.

This case was dismissed without prejudice on June 1, 2021, and the dismissal was summarily affirmed on appeal on August 27, 2021. The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. See Filing 12. Plaintiff declares in support of his motion that he was unable to make further submissions to the court because he did not have access to the prison law library or a typewriter for over a year during a Covid lockdown.

The United States Court of Appeals for the Eighth Circuit has repeatedly explained that "[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal." *In re SuperValu, Inc*., 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty*., 758 F.3d 1038, 1045 (8th Cir. 2014)).

> Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply. *Mountain Home*, 758 F.3d at 1045-46.

*Id.* Here, the court's June 1, 2021 judgment was a final, appealable order. Thus, unless Plaintiff is entitled to have the case re-opened under Rule 59(e) or 60(b), his motion for leave to file a second amend complaint must be denied. *See id.* at 962.

A Rule 59(e) motion to alter or amend a judgment must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A motion for relief from judgment under Rule 60(b) must be filed within a "reasonable time" and generally within a year of the original judgment. *In re SuperValu, Inc.*, 925 F.3d at 962; Fed. R. Civ. P. 60(c)(1). The one-year limitations period for re-opening a case based on excusable neglect or other specified reasons under subsections (1)-(3) of Rule 60(b) is not tolled during the pendency of an appeal. *See, e.g.*, *Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir. 1989) (compiling cases). Subsections (4) and (5) of Rule 60(b), which authorize a court to set aside a void or satisfied judgment, are clearly inapplicable here. That leaves only subsection (6), which requires a showing of "extraordinary circumstances." *See Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017). Plaintiff has not made such a showing.

Plaintiff sued the Nebraska Humane Society, a private entity, under 42 U.S.C. § 1983, claiming it had conspired with county officials to unlawfully seize his dogs in violation of the Fourth Amendment (as made applicable to the States by the Fourteenth). In dismissing the action, the court explained—as it had previously—that to state a plausible § 1983 conspiracy claim Plaintiff needed to allege specific facts showing a "meeting of the minds" to violate his constitutional rights. Plaintiff's lack of access to a law library or a typewriter following the dismissal of the action did not prevent him from alleging these essential facts in his earlier filed pleadings, or from seeking further leave to amend long before now.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to amend (Filing 25) is denied in all respects.

Dated this 16th day of August 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge