IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEX KELLUM,<br><br>      Plaintiff,<br><br>vs.<br><br>NEBRASKA HUMANE SOCIETY,<br><br>      Defendant. | **8:21CV36**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court for case management. Plaintiff, a federal prisoner currently housed at FCI El Reno in El Reno, Oklahoma, filed his Complaint, Filing No. 1, on February 1, 2021, and a Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 6, on February 12, 2021. On June 21, 2021, the Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim. Filing No. 12, Filing No. 13. Plaintiff filed a Notice of Appeal, Filing No. 14, and was permitted to proceed IFP on appeal, Filing No. 18. On August 27, 2021, the United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's decision. Filing No. 23. On August 15, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint. Filing No. 25. On August 16, 2022, the Court denied Plaintiff's Motion for Leave to Amend in all respects. Filing No. 26.

  Plaintiff filed another Notice of Appeal on October 18, 2022, appealing from the Court's August 16, 2022 order. Filing No. 27. On October 18, 2022, and December 5, 2022, the Court sent requests to FCI-El Reno where Plaintiff is housed asking the institution to provide a certified statement of Plaintiff's trust account information. Filing No. 29, Filing No. 30. To date, the Court has received no response from the institution or the Bureau of Prisons.

Prisoner plaintiffs are required to pay the full amount of the Court's $505.00 appellate filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris,* 129 F.3d 481, 485 (8th Cir. 1997). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the notice of appeal. However, the Court is unable to calculate Plaintiff's initial partial filing fee because the Court has not received a certified copy of Plaintiff's trust account information.

Pursuant to Federal Rule of Appellate Procedure 24(a)(3), Plaintiff may proceed on appeal in forma pauperis without further authorization because he was permitted to proceed in forma pauperis in the district court. However, because he is a prisoner, Plaintiff must,

> submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). This matter cannot proceed unless Plaintiff provides the Court with the required trust account information to calculate his initial partial filing fee.[1]

---

[1] Plaintiff is advised that, in addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).

Accordingly, the Court will give Plaintiff 30 days from the date of this Memorandum and Order to provide a copy of his certified trust account statement.[2] Failure to comply with this Memorandum and Order within 30 days will result in the Court denying Plaintiff leave to proceed in forma pauperis on appeal for failure to comply with 28 U.S.C. § 1915.

IT IS THEREFORE ORDERED that:

1. Plaintiff is directed to submit a certified trust account statement within 30 days. Failure to do so will result in denial of leave to proceed in forma pauperis on appeal;

2. The Clerk of Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit"); and

3. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **February 17, 2023**: Check for MIFP and trust account statement.

Dated this 18th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[2] Plaintiff also always has the option of paying the Court's $505.00 appellate filing fee to the clerk's office.